**AFFIRM; and Opinion Filed July 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00514-CV
_____

## IN RE COMMITMENT OF EFRAIN MARTINEZ RODRIGUEZ

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV1670003**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Boatright

Efrain Martinez Rodriguez appeals a final judgment and an order civilly committing him as a sexually violent predator. In two issues, Rodriguez challenges the jury's finding that he is a sexually violent predator and argues that the evidence is legally and factually insufficient to show beyond a reasonable doubt that he has serious difficulty controlling his behavior and is likely to offend again. We affirm the trial court's judgment.

### BACKGROUND

In 2016, prior to Rodriguez's scheduled release from the Texas Department of Criminal Justice, the State filed a petition alleging that Rodriguez is a sexually violent predator under Texas Health and Safety Code Section 841.003. The petition explained that Rodriguez had been incarcerated for several convictions. In April 2005, he was convicted for two separate offenses of indecency with a child younger than fourteen years of age, committed on or about May 28, 1999,

and May 14, 1999. He was also convicted for the offense of aggravated sexual assault of a child younger than fourteen years of age, committed on or about July 15, 1996. In September 2005, Rodriguez was convicted for the offense of indecency with a child, committed on or about July 1, 1997. The State alleged that pursuant to Texas Health and Safety Code Section 841.023(a), Rodriguez was assessed by TDJC and determined to be suffering from a behavioral abnormality. The State asked the trier of fact to find that Rodriguez is a sexually violent predator and to commit him for treatment and supervision.

Rodriguez denied the State's allegations, asserted affirmative defenses, and demanded a jury trial. The jury determined that Rodriguez is a sexually violent predator. The trial court signed a final judgment and an order civilly committing Rodriguez. Rodriguez filed a motion for new trial that was overruled by operation of law. Rodriguez now appeals.

## DISCUSSION

### *Civil Commitment as a Sexually Violent Predator*

To warrant Rodriguez's civil commitment as a sexually violent predator, the State was required to prove beyond a reasonable doubt that Rodriguez: (1) is a repeat sexually violent offender, and (2) suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. TEX. HEALTH & SAFETY CODE ANN. §§ 841.003(a), 841.062(a) (West 2017). Rodriguez does not dispute the first element—that he is a repeat sexually violent offender. His issues on appeal pertain to the second element requiring proof that he suffers from a behavioral abnormality.

In Rodriguez's first issue, he challenges the legal and factual sufficiency of the evidence to satisfy the constitutional requirements for civil commitment. In *Kansas v. Crane*, the United States Supreme Court required "proof of serious difficulty in controlling behavior" before a person can be civilly committed as a sexually violent predator. 534 U.S. 407, 413 (2002). The Court did

not articulate what it meant by "serious," but stated that the difficulty, considering the nature of the psychiatric diagnosis and the severity of the mental abnormality itself, must be sufficient to distinguish the committed person from the "dangerous but typical [criminal] recidivist." *Id.* at 413. In his second issue, Rodriguez challenges the legal and factual sufficiency of the evidence to satisfy the requirements for civil commitment under Texas law. Section 841.002(2) defines a "behavioral abnormality" as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." TEX. HEALTH & SAFETY CODE ANN. § 841.002(2) (West 2017). Rodriguez attempts to distinguish between the proof required by *Crane* and the proof required by Section 841.002(2). However, courts applying chapter 841 have held that a specific, independent finding on lack of control is not required, and that a broad-form jury charge submission based on the statutory definition of a "behavioral abnormality" encompasses the lack-of-control determination required by *Crane*. *In re Commitment of Mares*, 521 S.W.3d 64, 67 (Tex. App.—San Antonio 2017, pet. denied); *In re Commitment of Browning*, 113 S.W.3d 851, 863 (Tex. App.—Austin 2003, pet. denied).

### *Sufficiency Of The Evidence*

Chapter 841 requires the State to prove beyond a reasonable doubt that a person is a sexually violent predator. TEX. HEALTH & SAFETY CODE ANN. § 841.062. Because the statute places upon the State the burden of proof employed in criminal law, we review legal sufficiency of the evidence using the appellate standard of review applied in criminal cases. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under this standard of review, we assess the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under chapter 841. *Id.*

When reviewing a challenge to the factual sufficiency of the evidence in a civil commitment case, we weigh all of the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied). We "view all of the evidence in a neutral light and ask whether a jury was rationally justified in finding guilt beyond a reasonable doubt." *Id*. at 206. We will only reverse if, after weighing the evidence, we determine that "the risk of an injustice remains too great to allow the verdict to stand." *Id*. at 213.

### *Evidence At Trial*

Rodriguez argues that the State presented legally and factually insufficient evidence that he is currently having serious difficulty controlling his behavior. The evidence in this case consists primarily of the testimony of Rodriguez and the State's expert, Dr. Timothy Proctor. The State presented evidence that Rodriguez had four convictions for sexually violent offenses. In 1996, when Rodriguez was seventeen, he fondled his four-year-old female cousin and penetrated her vagina with his finger. Approximately one year later, he fondled his six-year-old male cousin while the boy slept. These offenses did not come to light until after Rodriguez was charged with his third and fourth offenses. Two years later, in May 1999, Rodriguez fondled a seven-year-old boy, the son of Rodriguez's boss, who played on a baseball team coached by Rodriguez. Rodriguez fondled the boy's penis and buttocks and rubbed his own penis against the boy's buttocks. Around the same time, Rodriguez fondled another boy on his baseball team. He patted the child on his buttocks and also rubbed his hand in the child's crotch area, near the child's penis. The child told him to stop. The last offense led to the intervention of law enforcement and Rodriguez was given deferred adjudication probation for the offenses against the third and fourth victims.

While on probation, Rodriguez attended sex offender treatment for about three years but did not successfully complete the program. His probation and treatment were suspended when he failed a drug test and was investigated by the FBI for possession of child pornography. He was ultimately convicted of promotion of child pornography. Also around this time, Rodriguez told his family about the offenses against his cousins. The family told law enforcement and Rodriguez was charged and convicted for those crimes as well. At the time of this commitment action, Rodriguez was incarcerated, serving concurrent fifteen-year sentences for indecency with a child under age fourteen, and for aggravated sexual assault of a child under age fourteen.

Dr. Proctor, a board certified forensic psychologist, was retained by the State to evaluate Rodriguez and determine whether he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Dr. Proctor testified that he has approximately twelve years of experience doing these types of evaluations. He stated that his testimony was based on his education, training, experience, and the methodology used by other forensic psychologists in this type of case. Dr. Proctor testified that as part of his evaluation of Rodriguez, he reviewed and relied upon available records pertaining to Rodriguez including police reports, victim statements, court records, law enforcement records, prison records, treatment records, evaluations by other professionals, and depositions. After reviewing the records, Dr. Proctor conducted a lengthy face-to-face interview of Rodriguez. Dr. Proctor discussed the legal definition of "behavioral abnormality" and its components and testified that in his opinion, Rodriguez suffers from such a behavioral abnormality. Dr. Proctor also diagnosed Rodriguez with pedophilia or pedophilic disorder non-exclusive type, attracted to both males and females, in accordance with the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders.

Dr. Proctor testified extensively about the foundations of his opinion that Rodriguez suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual

violence. He identified and discussed various "risk factors" that he relied upon to form and to support his opinion. In particular, Dr. Proctor considered Rodriguez's chronic history of sexual offending and the number of prior sex offenses to be a significant risk factor. Dr. Proctor testified that is a risk factor that Rodriguez has a sexually deviancy (i.e., pedophilia nonexclusive type, to both males and females) and is sexually attracted and sexually offends against pre-pubescent children. He considered it to be a major risk factor that Rodriguez failed to successfully complete the sex offender treatment program during his deferred adjudication probation. Rodriguez attended that treatment program for about three years; however, he admits he viewed and possessed child pornography the entire time he was in treatment. Rodriguez told Dr. Proctor that he was trying not to offend against children by contact so instead, he looked at child pornography and masturbated. Dr. Proctor considered this "persistence after punishment" to be a heavily weighted risk factor against Rodriguez. Dr. Proctor testified that to be looking at child pornography while on probation and in treatment for a sex offense indicates the strength of Rodriguez's sexual interest in children and is a very good example of the serious difficulty Rodriguez has in controlling his behavior. Dr. Proctor noted that even while in prison, Rodriguez masturbated to thoughts of children. Rodriguez told Dr. Proctor that he stopped masturbating to sexual thoughts about children about six years ago after his mother warned him that if he ever did anything like this again, he was totally on his own.

Dr. Proctor evaluated Rodriguez's employment history. Before being incarcerated, Rodriguez had steady employment. However, Dr. Proctor considered Rodriguez's employment to be a risk factor because he encountered two of his victims through relationships with work associates. Furthermore, Rodriguez groomed his victims, which is an additional risk factor.

Dr. Proctor evaluated Rodriguez for psychopathy using an assessment tool for psychopathic testing, the PCLR checklist, that tests emotional inter-personal style and deviant lifestyle. Dr. Proctor testified that psychopathy is related to criminal recidivism. He determined

that Rodriguez was not a psychopath; he also determined that Rodriguez did not have an anti-social personality disorder, predisposed to rule breaking behavior. Dr. Proctor performed a Static 99-R test to evaluate Rodriguez's risk for committing a sexual offense. According to Dr. Proctor, Rodriguez's Static 99-R score of six meant that he was a high risk for sexual re-offense. Dr. Proctor also utilized the Risk for Sexual Violence Protocol, a risk assessment tool that measures various research based risk factors to see if they are present or absent in the individual. Dr. Proctor explained that all of the information gleaned through the use of the various measurement tools goes into his assessment of the individual's risk for re-offending.

Dr. Proctor agreed that there are factors in Rodriguez's favor. He stated that Rodriguez spoke truthfully and openly about his sex offenses. He is not in denial and seems to have genuine empathy and remorse for his victims. Dr. Proctor stated that it is significant that Rodriguez recognizes his pedophilia and understands that this is a lifelong condition that he will have to continuously manage. Rodriguez's institutional adjustment to prison has been fairly good with no disciplinary problems. There is no indication that Rodriguez has a drug or alcohol abuse problem. Rodriguez has a strong family support system and other than his sexual offenses, does not have a criminal history. However, Dr. Proctor noted that Rodriguez had this same family support system during the time he was offending against children and that some of the offenses took place in family homes.

Rodriguez also testified at trial. He did not deny the offenses for which he was incarcerated and stated that at the time he offended, he knew what he was doing was wrong. He admitted that he committed the offenses because his desire to have sexual contact with each of the children was stronger than his ability to control his behavior. He disputes the State's allegation that he persisted in offending after punishment. He contends that he never committed another sexually violent offense after he was arrested for the offenses against the boys on his baseball team. He concedes

he was later convicted for the child pornography offense, but he distinguishes that charge as being a non-contact offense. He testified that he is sexually attracted to children and does not disagree with the diagnosis that he has a pedophilic disorder.

Rodriguez testified that he is currently in an 18-month sex offender treatment program. He stated that he has done well in the program and plans to complete the program. He agrees that even after he completes the treatment program, he will have to work to control his sexual urges for the rest of his life. He described the adaptive coping responses he has learned through treatment. And he described the knowledge and tools that he has acquired to successfully live his life victim free. Rodriguez testified that every sex offender has a potential to reoffend and he knows he is at risk. But he believes that through therapy, he has the tools to make sure he does not reoffend. Rodriguez argues that the State's evidence pertained to his distant past behavior and is insufficient to show that he is currently having serious difficulty controlling his behavior

Dr. Proctor acknowledged Rodriguez's current participation in a sex offender treatment program in the prison system and stated that Rodriguez has completed about half of the program. Dr. Proctor stated that going through the treatment program lowers an individual's risk of sexual re-offense and he gives significant weight to the progress Rodriguez has made while in treatment. He believes that Rodriguez has the potential to complete the treatment program. However, in his opinion, Rodriguez has a long way to go and has not had enough treatment to lower his risk to the point where he no longer has a behavioral abnormality. Rodriguez has pedophilia—a lifelong condition. Dr. Proctor testified that the past behavior of pedophiles is often indicative of what they will do in the future because sexual deviation and sexual attraction does not change over time. Rodriguez admits that he continues to have sexual thoughts about children and through treatment, has learned and is currently using thought/stop, thought/shift techniques to prevent himself from acting on those thoughts. While this is something that you want an individual with pedophilia to

learn to do, it is Dr. Proctor's opinion that Rodriguez has not had enough treatment to control his behavioral abnormality. Based on the risk factors, including the prior treatment failure, it is Dr. Proctor's opinion that Rodriguez remains a high risk to reoffend.

The jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *In re Commitment of Stuteville*, 463 S.W.3d 543, 552 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). It was the jury's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Mullens*, 92 S.W.3d at 887. The jury would have weighed Rodriguez's long history of sexual offenses, his continued pedophilia, his failure to complete treatment, and his ongoing risk of re-offending against his honesty about his pedophilia and his current willingness to undergo treatment for it.

After weighing the evidence, the jury could reasonably have inferred that Rodriguez has not had enough treatment to control his behavioral abnormality. And the jury could reasonably have inferred that Rodriguez is likely to engage in a predatory act of sexual violence. We conclude that the evidence is legally sufficient to support the jury's finding that Rodriguez suffers from a behavioral abnormality as defined in chapter 841, which encompasses the implicit conclusion that Rodriguez has serious difficulty controlling his behavior. *Mares*, 521 S.W.3d at 67. We also conclude that the evidence is not so weak that it "reflects a risk of injustice that would compel ordering a new trial." *Day*, 342 S.W.3d at 213. We overrule Rodriguez's first and second issues.

## CONCLUSION

We affirm the trial court's judgment and order of civil commitment.


/Jason Boatright/
JASON BOATRIGHT
JUSTICE

170514F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN RE: THE COMMITMENT OF EFRAIN MARTINEZ RODRIGUEZ

No. 05-17-00514-CV

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. CV1670003.
Opinion delivered by Justice Boatright. Justices Lang-Miers and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of July, 2018.